OLIVIER A. TAILLIEU (SBN 206546)
*o@taillieulaw.com*
THE TAILLIEU LAW FIRM LLP
450 N. Roxbury Drive, Suite 700
Beverly Hills, CA 90210
Telephone: (310) 651-2440
Facsimile: (310) 651-2439

Attorney for Defendants FIVE BORO PLASTICS, INC.
and ALAN GOLDMAN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITAL CITY PACKAGING, INC., | CASE NO. ED CV 13-1748 PSG (SPx) |
| Plaintiff, | **DEFENDANTS FIVE BORO PLASTICS, INC. AND ALAN GOLDMAN'S MOTION IN LIMINE NO. 1 TO EXCLUDE PLAINTIFF CAPITAL CITY PACKAGING, INC.'S PROPOSED EXPERT WITNESS, DAVID WEINER** |
| v. | |
| FIVE BORO PLASTICS, INC., a Kentucky corporation; ALAN GOLDMAN, an individual; AND DOES 1-10, | |
| Defendants. | |

This Motion is submitted by the undersigned parties pursuant to Federal Rule of Civil Procedure 26(a)(2), 26(b)(4), 37(b)(2), and 37(c)(1).

### I. **INTRODUCTORY STATEMENT**

Defendants Five Boro Plastic, Inc. ("Five Boro") and Alan Goldman ("Goldman") (collectively "Defendants") seek the entry of an order excluding all testimony and evidence by Plaintiff Capital City Packaging, Inc.'s ("Plaintiff" or "Capital City") proposed expert witness, David Weiner, pursuant to Federal Rule of Civil Procedure 26(a)(2), 26(b)(4), 37(b)(2), and 37(c)(1) .

0153-1001                                          1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

I.   INTRODUCTORY STATEMENT ........................................................................ 1

II.  NATURE OF CASE.............................................................................................. 2

III. LAW & ARGUMENT ........................................................................................... 2

IV. CONCLUSION....................................................................................................... 6

0153-1001

i

MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT

# TABLE OF AUTHORITIES

**Cases**

*Atkins v. Ferro Corp.*, 2007 WL 4722675, *2 (M.D.La.2007)........................... 3

*Aumand v. Dartmouth Hitchcock Med. Ctr.*, 611 F. Supp. 2d 78, 89-90 (D. N.H. 2009) ................................................................................................................. 3

*Brown v. Providence Medical Center*, 2011 WL 4498824, at *1 (D. Neb. 2011). ..... 6

*DeGuzman v. United States*, 2:12-CV-0338 KJM AC, 2013 WL 3149323, ............... 6

*Heidtman v. County of El Paso*, 171 F.3d 1038, 1040 (5th Cir.1999), ....................... 4

*LeBarron v. Haverhill Co-op. School Dist.*, 127 F.R.D. 38 (D. N.H. 1989) ............... 3

*Res-Care Inc. v. Roto-Rooter Servs. Co.*, C-09-03856 EDL, 2010 WL 4072037 (N.D. Cal. Oct. 18, 2010) ................................................................................... 4

*Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735, 741–742 (7th Cir.1998); ............................................................................................................ 4

*Wilson v. Bradlees of New Eng., Inc.*, 250 F.3d 10, 21 (1st Cir.2001), ....................... 4

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir.2001); 4

**Other Authorities**

Fed.R.Civ.P. 26(a)(2)(C)............................................................................................ 5

Fed.R.Civ.P. 37(c)(1). ............................................................................................... 3

## II. NATURE OF CASE

This is a dispute between Capital City, the purchaser of a refurbished extrusion line machine from Five Boro, the seller of the machine, regarding Capital City's purchase of the machine. *See* Complaint. This matter is set for trial on December 9, 2014. On September 2, 2014, Capital City filed its Designation of Expert Witness of Plaintiff Capital City Packaging, inc. (the "Designation"). In the Designation, Capital City identified David Weiner ("Weiner") as their proposed testifying expert witness in this matter. In support of the Designation, Capital City provided (i) a brief description of Weiner, (ii) his resume, and (iii) a short, two sentence description of his anticipated testimony.[1] No expert report was attached thereto. *See id.*

## III. LAW & ARGUMENT

Federal Rule of Civil Procedure 26(a)(2) provides in pertinent part:

> (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

---

[1] The description of Weiner's anticipated testimony is as follows: "Mr. Weiner will testify concerning plaintiffs complaints related to breach of contract, breach of warranties, fraud, and alter ego; and his factual observations, opinions and conclusions reached during his analysis of defendants' accounting and financial data. Mr. Weiner will also be asked to review, analyze and critique the testimony and claims of defendants and defendants' expert witnesses as well as experts of any other party." Designation, at p.2.

0153-1001

2

MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT

>> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.
>
> (C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
>> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>>
>> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Federal Rule of Civil Procedure 26.

Here, Weiner has been "retained or specially employed to provide expert testimony in the case." *Id*; *see also* Designation. Accordingly, Federal Rule of Civil Procedure 26(a)(2)(B) applies, and Capital City was required to submit Weiner's written report in conjunction with the Designation. *See id*; *LeBarron v. Haverhill Co-op. School Dist.*, 127 F.R.D. 38 (D. N.H. 1989) (affirming magistrate's exclusion of expert testimony, pursuant to FRCP 26(b)(4) and 37(b)(2), for failure to (i) submit a written report and/or (ii) properly disclose the substance of the expert's testimony or the grounds upon it would be based); *Aumand v. Dartmouth Hitchcock Med. Ctr.*, 611 F. Supp. 2d 78, 89-90 (D. N.H. 2009) (excluding expert testimony that was not properly disclosed); *Atkins v. Ferro Corp.*, 2007 WL 4722675, *2 (M.D.La.2007) (excluding expert testimony that was not properly disclosed).

The failure to properly disclose an expert witness, which includes failing to submit the required written report, results in the witness's exclusion "unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). Moreover, "it is the obligation of the party facing sanctions for belated disclosure to show that

its failure to comply with the Rule was either justified or harmless." *Wilson v. Bradlees of New Eng., Inc.,* 250 F.3d 10, 21 (1st Cir.2001), citing *Heidtman v. County of El Paso,* 171 F.3d 1038, 1040 (5th Cir.1999), and *Salgado by Salgado v. General Motors Corp.,* 150 F.3d 735, 741–742 (7th Cir.1998); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1107 (9th Cir.2001); *Res-Care Inc. v. Roto-Rooter Servs. Co.,* C-09-03856 EDL, 2010 WL 4072037 (N.D. Cal. Oct. 18, 2010). Thus, the burden is on Capital City to demonstrate that Weiner's testimony should not be excluded. Furthermore, although Federal Rule of Civil Procedure 37(c)(1) authorizes additional sanctions "instead of" excluding expert witnesses who are not properly disclosed, it "requires the near automatic exclusion of Rule 26 information that is not timely disclosed." *Wilson,* 250 F.3d at 20–21; *see also Aumand,* 611 F. Supp. 2d at 90.

In failing to submit a written report, Capital City failed to satisfy all six of the requirements under 26(a)(2)(B). Specifically, Capital City did not submit (i) a complete statement of all opinions Weiner will express and the basis and reasons for them; (ii) the facts or data considered by Weiner in forming those opinions, (iii) any exhibits that will be used by Weiner to summarize or support his opinions, (iv) a list of all publications Weiner has authored in the previous 10 years, (v) a list of all other cases in which, during the previous 4 years, Weiner testified as an expert at trial or by deposition - in spite of the fact that Capital City claims "Weiner has been called upon in many situations to inspect and analyze accounting and financial data of businesses for purposes of forensic accounting, alter ego analysis, and commercial damages" in the Designation - and (vi) a statement of the compensation to be paid to Weiner for his work in the case. *Id.* at pp. 1-2. In accordance with the foregoing authorities, and pursuant to Federal Rules of Civil Procedure 26 and 37, Weiner's testimony should be excluded as a result of Capital City's failure to submit a written report.

Capital City will undoubtedly argue that Weiner could not produce a report because there is an ongoing discovery dispute and Capital City believes there are outstanding documents to be provided by Five Boro. *See* Designation. Defendants have already provided all responsive documents to Capital City. Thus, there is no reason that Weiner's report was not provided. Moreover, Capital City could have at least identified all documents and data which it is currently in possession of (both information that was already in its custody and control, as well as that which was produced by Five Boro). Furthermore, since the requirements of 26(a)(2)(B)(iv)-(vi) do not even rest upon any document production by the opposing party, at the very least those should have been provided.

Morever, even assuming *arguendo* that the ongoing discovery dispute excused Capital City's obligations under Federal Rule of Civil Procedure 26(a)(2)(B), Federal Rule of Civil Procedure 26(a)(2)(C) "requires a specific disclosure of information by experts not required to provide a written report." *DeGuzman v. United States,* 2:12-CV-0338 KJM AC, 2013 WL 3149323, at *3 (E.D. Cal. June 19, 2013); *see also* Fed.R.Civ.P. 26(a)(2)(C). The Rule 26(a)(2)(B) written report and the Rule 26(a)(2)(C) disclosure both "'share the [same] goal of increasing efficiency and reducing unfair surprise.'" *DeGuzman,* 2013 WL 3149323, at *3, quoting *Brown v. Providence Medical Center,* 2011 WL 4498824, at *1 (D. Neb. 2011). Here, Capital City made no attempt to satisfy either Federal Rule of Civil Procedure 26(a)(2)(B) or 26(a)(2)(C). Rather, Capital City offered a cursory "disclosure" regarding Weiner's anticipated testimony "concerning plaintiffs complaints related to breach of contract, breach of warranties, fraud, and alter ego; and his factual observations, opinions and conclusions reached during his analysis of defendants' accounting and financial data," as well as his "review, analy[sis] and critique [of] the testimony and claims of defendants and defendants' expert witnesses." Designation, at p.2. This insufficient disclosure by Capital City reduces

efficiency, increases the likelihood of unfair surprise, and violates the specific disclosure requirement. Following *DeGuzman,* 2013 WL 3149323, at *3 and *Brown v. Providence Medical Center,* 2011 WL 4498824, and pursuant to Federal Rules of Civil Procedure 26 and 37, Weiner's testimony should thus be excluded.

## IV. CONCLUSION

Based on the foregoing, pursuant to Federal Rule of Civil Procedure 26(a)(2), 26(b)(4), 37(b)(2), and 37(c)(1), Defendants respectfully request the entry of an Order excluding all testimony and evidence by Plaintiff's proposed expert witness, David Weiner.

Dated: October 21, 2014　　　　　　　Respectfully submitted:

**THE TAILLIEU LAW FIRM, LLP**
OLIVIER A. TAILLIEU
By: */s/Olivier A. Taillieu*
Attorney for Defendants FIVE BORO PLASTICS, INC. and ALAN GOLDMAN