1  David N. Ruben (Bar No. 156681)
   Thomas K. Ledbetter (Bar No. 239545)
2  RUBEN & SJOLANDER LLP
   1875 Century Park East, Suite 1050
3  Los Angeles, California 90067
   Telephone: (310) 788-2828
4  Facsimile: (310) 788-9028
   druben@randsllp.com
5
   Attorneys for Plaintiff, CAPITAL CITY PACKAGING, INC.
6

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  CAPITAL CITY PACKAGING, INC.,        )   Case No.: ED CV 13-1748 JCG
                                          )
12              Plaintiff,                )
                                          )   JOINT FINAL PRETRIAL
13  vs.                                   )   CONFERENCE ORDER
                                          )
14  FIVE BORO PLASTICS, INC., a Kentucky  )   Trial
    corporation; ALAN GOLDMAN, an         )   Date:  April  28, 2015
15  individual; AND DOES 1-10,            )   Time:  9:00 a.m.
                                          )   Dept.: 4
16              Defendants.               )
                                          )
17                                        )
                                          )
18  _____)

19

20

21                     NOTE: CHANGES MADE BY
22                     THE COURT

23

24

25

26

27

28

                                 1

JOINT FINAL PRETRIAL CONFERENCE ORDER

# TABLE OF CONTENTS

1.  THE PARTIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2.  JURISDICTION AND VENUE. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

3.  TRIAL ESTIMATE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4.  TRIER OF FACT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5.  ADMITTED FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

6.  FACTS WITHOUT PREJUDICE TO EVIDENTIARY OBJECTION. . . . . 3

7.  CLAIMS AND DEFENSES OF PARTIES. . . . . . . . . . . . . . . . . . . . . . 3

8.  ISSUES TO BE TRIED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

9.  DISCOVERY. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

10.  DISCLOSURES AND EXHIBIT LIST. . . . . . . . . . . . . . . . . . . . . . . 11

11.  WITNESS LIST. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

12.  LAW AND MOTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

13.  BIFURCATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

14.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## TABLE OF AUTHORITIES

Cases

Carona v. Ill. Cent. Gulf R. Co., 201 Ill.App.3d 947, 148 Ill.Dec.933, 561
N.E.2d 239, 242 (5th Dist.1900) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Darvosh v. Lewis, (N.D. Ill. Sept. 5, 2014, 13 C 04727) 2014
WL 4477363, at 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Las Palmas Assoc. v. Las Palm as Center Assoc., 235 Cal. App.3d 1220 (1991) . 7

Leegin Creative Leather Products, Inc. v. Diaz, (App. 2 Dist. 2005) 33
Cal.Rptr.3d 139, 131, Cal.App.4th 1517) . . . . . . . . . . . . . . . . . . . . . . 10

Morey v. Hoffman, 12 Ill.2d 125, 145 N.E.2d 644, 647 (1957) . . . . . . . . . . . . . 8

Robbins v. Blecher, 52 Cal.App.4th 886 (1997) . . . . . . . . . . . . . . . . . . . . . . . 7

Sonora Diamond Corp. v. Superior Court, 83 Cal.App.4th 523 (2000) . . . . . . . . 7

Tran v. Farmers Goup, Inc., 104 Cal.App.2d 1202 (2002) . . . . . . . . . . . . . . . 7

i

JOINT FINAL PRETRIAL CONFERENCE ORDER

Transport Clearings-Bay Area v. Simmonds, 226 Cal.App.2d 405, 430 Cal.Rptr. 116, 131 (1st District 1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

University of Redlands v. Ford, 56 Cal.App.2d 151, 152, 132 P.2d 238, 239 (4th Dist. 1942) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Westlye v. Look Sports, Inc., 17 Cal.App.4th 1715, Cal.Rptr.2d 781 (3d Dist.1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

William Blair & Co. V. FI Liquidation Corp., 358 Ill.App.3d 324, 294 Ill. Dec. 348, 830 N.E.2d 760, 770 (1st Dist.2005) . . . . . . . . . . . . . . . . . . . . . . . . 8

ii

JOINT FINAL PRETRIAL CONFERENCE ORDER

1  Following pretrial proceedings, pursuant to F.R.Civ.P 16 and L.R. 16, IT IS
2  ORDERED:

3  **1.   THE PARTIES**

4  The parties are: (a) Capital City Packaging, Inc., Plaintiff ("Capital City"); (b)
5  Five Boro Plastics, Inc., Defendant ("Five Boro Plastics"); and (c) Alan Goldman,
6  Defendant ("Goldman").

7  Each of these parties has been served and has appeared. All other parties named
8  in the pleadings and not identified in the preceding paragraph are now dismissed.

9  The pleadings which raise the issues are the Complaint and Defendants'
10  Answer.

11  **2.   JURISDICTION AND VENUE**

12  Federal jurisdiction and venue are invoked upon the grounds:

13  a.   <u>Diversity Jurisdiction</u>. There is diversity because Capital City's principal
14  place of business is Perris, California, and is incorporated in California; Five Boro
15  Plastics' principal place of business is located in Louisville, Kentucky, and is
16  incorporated in Kentucky; and Goldman is a U.S. citizen with his domicile in
17  Louisville, Kentucky. The amount in controversy exceeds $75,000 because Capital
18  City is seeking damages in an amount over $2 million. Facts requisite to federal
19  jurisdiction are admitted.

20  b.   <u>Venue</u>. Substantial events occurred in the Central District as Capital City
21  negotiated the sale from Perris, California, communications from Capital City
22  occurred from Perris, California, the extrusion line machine was to be delivered to
23  Perris, California, and Five Boro Plastics and Goldman traveled to California during
24  sales negotiations and refurbishment. Defendants waived their argument for improper
25  venue.

26  **3.   TRIAL ESTIMATE**

27  The trial is estimated to take three to five days.

28  ///

1

JOINT FINAL PRETRIAL CONFERENCE ORDER

**4.    TRIER OF FACT**

The trial is to be a jury trial as to (a) fraud and (b) damages for breach of the Agreement and warranties. The trial is to be a bench trial as to alter ego.

**5.    ADMITTED FACTS**

The following facts are admitted and require no proof:

(a)    In 2011, Five Boro Plastics was in the business of selling extrusion lines.

(b)    Capital City and Five Boro Plastics entered into a contract for the purchase and refurbishment of a used PET extrusion sheet line system ("Extrusion Line") on or around April 29, 2011 (the "Agreement").

(c)    Under the Agreement, Capital City was the buyer and agreed to pay Five Boro Plastics $1,077,687.65 for the Extrusion Line.

(d)    Under the Agreement, Five Boro Plastics agreed to (i) sell the Extrusion Line to Capital City; (ii) refurbish the Extrusion Line; (iii) install and provide training to Capital City once the refurbishment was completed; and (iv) provide a one-year express warranty that the Extrusion Line would be free of defects in materials and workmanship, and that the Extrusion Line would be repaired during that one-year period as to conform to the warranty.

(e)    At the time of purchase, Five Boro Plastics knew that Capital City intended to use the Extrusion Line for a particular purpose, with specific outputs of finished product and specifications for the Extrusion Machine.

(f)    At the time of purchase, Five Boro Plastics knew that Capital City was relying on Five Boro Plastics' skill and judgment to provide an extrusion line that was suitable for Capital City's particular purpose.

(g)    From April 2011 to June 2011, Capital City made scheduled payments to Five Boro Plastics that totaled $879,910.87 towards the purchase price.

(h)    Capital City was ready, willing and able to pay the remainder of the scheduled payments for the Extrusion Line.

(i)    On or around October 7, 2011, Five Boro Plastics sent Capital City an

2

1    invoice for a new screw and barrel for the Extrusion Line for $47,093.00.

2            (j)      On or around January 2012, Five Boro Plastics had not completed the

3    refurbishment of the Extrusion Line. Five Boro Plastics refused to complete the

4    refurbishment or honor its obligations under the Agreement.

5            (k)      Five Boro Plastics did not provide Capital City with a refurbished

6    Extrusion Line.

7            (l)      Five Boro Plastics did not install the Extrusion Line.

8            (m)      Five Boro Plastics did not train Capital City.

9            (n)      Capital City made repeated requests that Five Boro Plastics conform the

10   Extrusion Line to the warranties.

11           (o)      Five Boro Plastics refused to repair defects in the Extrusion Line to

12   conform the Extrusion Line to the warranties.

13           (p)      Five Boro Plastics refused to provide Capital City with a working

14   Extrusion Line.

15   **6.      FACTS WITHOUT PREJUDICE TO EVIDENTIARY OBJECTION**

16           The following facts, though stipulated, shall be without prejudice to any

17   evidentiary objection: none.

18   **7.      CLAIMS AND DEFENSES OF PARTIES**

19           Plaintiff:

20           (a)      Plaintiff plans to pursue the following claims against the following

21   defendants:

22                    Claim 1: Defendants breached the Agreement.

23                    Claim 2: Defendants committed fraud against Plaintiff.

24                    Claim 3: Defendants breached the express warranty.

25                    Claim 4: Defendants breached the implied warranties.

26                    Claim 5: Five Boro Plastics is the alter ego of Goldman.

27           (b)      The elements required to establish Plaintiff's claims are:

28                    Claim 1: For breach of contract:

3

JOINT FINAL PRETRIAL CONFERENCE ORDER

i.     That Defendants and Plaintiff entered into a contract for the Extrusion Line;

ii.     That Plaintiff did all, or substantially all, of the significant things that the contract required Plaintiff to do;

iii.     That all conditions required by the contract for Defendants' performance had occurred;

iv.     That Defendants failed to do something that the contract required them to do; and

v.     That Plaintiff was harmed by that failure. See Judicial Council of California, Civil Jury Instructions § 303 (2014).

Claim 2: For intentional misrepresentation:

i.     That Defendants represented to Plaintiff a fact was true;

ii.     That Defendants' representation was false;

iii.     That Defendants' knew that the representation was false when they made them, or that Defendants made the representation recklessly and without regard for its truth;

iv.     That Defendants intended that Plaintiff rely on the representation;

v.     That Plaintiff reasonably relied on Defendants' representation;

vi.     That Plaintiff was harmed; and

vii.     That Plaintiff's reliance on Defendants' representation was a substantial factor in causing its harm. See Judicial Council of California, Civil Jury Instructions § 1900 (2014).

For negligent misrepresentation:

i.     That Defendants represented to Plaintiff that a fact was true;

ii.     That Defendants' representation was not true;

iii.     That although Defendants may have honestly believed the representation was true, Defendants had no reasonable grounds for believing the representation was true when they made it;

4

JOINT FINAL PRETRIAL CONFERENCE ORDER

1    iv.    That Defendants intended that Plaintiff rely on this representation;

2    v.    That Plaintiff reasonably relied on Defendants' representation;

3    vi.    That Plaintiff was harmed; and

4    vii.    That Plaintiff's reliance on Defendants' representation was a

5  substantial factor in causing its harm. See Judicial Council of California, Civil Jury

6  Instructions § 1903 (2014).

7    Claim 3: For breach of the express warranty:

8    i.    That Defendants made a promise to Plaintiff that the Extrusion

9  Line would be free of defects in materials and workmanship for one-year, and that the

10  Extrusion Line would be repaired so as to conform to the promises of the warranty

11  during that one-year period. Defendants also expressly warranted that the Extrusion

12  Line would conform to the models, samples, and representations that Defendants

13  provided and made prior to Plaintiff's purchase;

14    ii.    That the Extrusion Line did not perform as promised, and/or did

15  not meet the quality of the models, samples, and representations that Defendants

16  provided;

17    iii.    That Plaintiff took reasonable steps to notify Defendants within

18  a reasonable time that the Extrusion Line was not as represented;

19    iv.    That Plaintiff was harmed; and

20    v.    That the failure of the Extrusion Line to be as represented was a

21  substantial factor in causing Plaintiff's harm. See Judicial Council of California, Civil

22  Jury Instructions § 1230 (2014).

23    Claim 4: For breach of the implied warranty of merchantability:

24    i.    That Plaintiff bought the Extrusion Line from Defendants;

25    ii.    That, at the time of purchase, Defendants were in the business of

26  selling extrusion lines;

27    iii.    That the Extrusion Line was (a) not of the same quality as though

28  generally acceptable in the trade; or (b) was not fit for the ordinary purposes for

5

1  which such goods are used;

2          iv.    That Plaintiff took reasonable steps to notify Defendants within

3  a reasonable time that the Extrusion Line did not have the expected quality;

4          v.    That Plaintiff was harmed; and

5          vi.    That the failure of the Extrusion Line to have the expected quality

6  was a substantial factor in causing Plaintiff's harm. See Judicial Council of

7  California, Civil Jury Instructions § 1231 (2014).

8          For breach of the implied warranty of fitness for a particular purpose:

9          i.    That Plaintiff bought a Extrusion Line from Defendants;

10          ii.    That, at the time of purchase, Defendants knew or had reason to

11  know that Plaintiff intended to use the Extrusion Line for a particular purpose;

12          iii.    That, at the time of the purchase, Defendants knew or had reason

13  to know that Plaintiff was relying on Defendants' skill and judgment to select or

14  furnish an Extrusion Line that was suitable for that particular purpose;

15          iv.    That Plaintiff justifiably relied on Defendants' skill and judgment;

16          v.    That the Extrusion Line was not suitable for the particular

17  purpose;

18          vi.    That Plaintiff took reasonable steps to notify Defendants within

19  a reasonable time that the Extrusion Line was not suitable;

20          vii.    That Plaintiff was harmed; and

21          viii.    That the failure of the Extrusion Line to be suitable was a

22  substantial factor in causing Plaintiff's harm. See Judicial Council of California, Civil

23  Jury Instructions § 1231 (2014).

24          Claim 5: For alter ego:

25          i.    There is a unity of interest and ownership between Five Boro

26  Plastics and Goldman that the separated personalities of the corporation and its

27  shareholder do not truly exist. The facts and circumstances are examined to determine

28  whether the alter ego doctrine applies, and the following factors are examined: (a)

JOINT FINAL PRETRIAL CONFERENCE ORDER

commingling of funds and assets; (b) failure to segregate funds; (c) diversion of funds or assets; (d) treatment by shareholder of corporate assets as own; (e) failure to maintain minutes; (f) absence of corporate assets; (g) under capitalization; (h) use of corporation as a mere shell; (i) disregard of legal formalities; (j) failure to to maintain arms length relationships among related entities; (k) the diversion of assets from a corporation to another entity to the detriment of creditors; and (l) the manipulation of corporate assets and liabilities in entities so as to concentrate the assets in one and the liabilities in another. Sonora Diamond Corp. v. Superior Court, 83 Cal.App.4th 523 (2000); Associated Vendors, Inc. v. Oakland Meat Company, 210 Cal.App.2d. 825 (1962); see Tran v. Farmers Group, Inc.,104 Cal.App 2d 1202, 1219 (2002)(citing Las Palmas Assoc. v. Las Palm as Center Assoc., 235 Cal.App.3d 1220, 1249-1250 (1991)); and

ii.     There is an inequitable result if the acts in question are treated as those of Five Boro Plastics alone, or stated differently, the failure to disregard the corporate entity would sanction a fraud or promote injustice. Robbins v. Blecher, 52 Cal.App.4th 886 (1997); Las Palmas Assoc., 235 Cal.App.3d at 1249.

(c)     In brief, the key evidence Plaintiff relies on for each of the claims is:

Claim 1: Five Boro Plastics admits that it breached the Agreement. For damages, the key evidence that Capital City will rely on includes the testimony of Capital City's witnesses, Five Boro Plastics' QuickBooks records, and Capital City's email communications.

Claim 2: For fraud, the key evidence that Capital City will rely on is the testimony of Capital City's witnesses and Goldman, email communications between the parties, the quotes and invoices for the Extrusion Line, and Five Boro Plastics' QuickBooks records.

Claim 3: Five Boro Plastics admits that it breached the express warranty. For damages, the key evidence that Capital City will rely on includes the testimony of Capital City's witnesses, Five Boro Plastics' QuickBooks records, and Capital

7

1    City's email communications.

2            Claim 4: Five Boro Plastics admits that it breached the implied

3    warranties. For damages, the key evidence that Capital City will rely on includes the

4    testimony of Capital City's witnesses, Five Boro Plastics' QuickBooks records, and

5    Capital City's email communications.

6            Claim 5: For alter ego, Capital City's key evidence is the testimony from

7    Capital City's witnesses and Goldman, email communications between the parties,

8    Five Boro Plastics' corporate records, and Five Boro Plastics' QuickBooks records.

9        Defendants:

10   (a)    Defendant plans to pursue the following affirmative defenses:

11          Affirmative Defense 1: Release.

12          Affirmative Defense 2: Unclean Hands.

13          Affirmative Defense 3: Novation.

14          Affirmative Defense 4: Waiver.

15          Affirmative Defense 5: Lack of Scienter.

16   (b)    The elements required to establish the affirmative defenses are:

17          Affirmative Defense 1: Release.

18       A release is a contract wherein a party relinquishes a claim to a person against

19   whom the claim exists, and a release is subject to the rules governing the construction

20   of contracts." Carona v. Ill. Cent. Gulf R. Co., 203 Ill.App.3d 947, 148 Ill.Dec. 933,

21   561 N.E.2d 239, 242 (5th Dist.1990). Under Illinois law, the Court "must interpret the

22   words of the contract with their common and generally accepted meanings" and must

23   construe the words of the contract "within the context of the contract as a whole."

24   William Blair & Co. v. FI Liquidation Corp., 358 Ill.App.3d 324, 294 Ill.Dec. 348,

25   830 N.E.2d 760, 770 (1st Dist.2005) (internal citations omitted). To be enforceable,

26   the terms of a contract "must be clear, certain and free from ambiguity and doubt."

27   Morey v. Hoffman, 12 Ill.2d 125, 145 N.E.2d 644, 647 (1957). Darvosh v. Lewis

28   (N.D. Ill., Sept. 5, 2014, 13 C 04727) 2014 WL 4477363, at 3.

JOINT FINAL PRETRIAL CONFERENCE ORDER

1     A valid release is a complete defense to action against the person(s) released.

2  2 Cal. Affirmative Def. § 42:1 (2d ed.); See also Westlye v. Look Sports, Inc., 17

3  Cal.App.4th 1715, 1728-29, 22 Cal.Rptr.2d 781 (3d Dist.1993) (citing this treatise)

4  (applying contract rule that parties to contract must be identifiable to a release).

5                    Affirmative Defense 2:  Unclean Hands.

6     The rule is settled in California that whenever a party who, as actor, seeks to

7  set judicial machinery in motion and obtain some remedy, has violated conscience,

8  good faith or other equitable principle in his prior conduct, then the doors of the court

9  will be shut against him in limine; the court will refuse to interfere on his behalf to

10 acknowledge his right, or to afford him any remedy.  2 Cal. Affirmative Def. § 45:1

11 (2d ed.)

12                     Affirmative Defense 3: Novation.

13    Novation:  The substitution of a new obligation for an existing one. By the

14 substitution of a new obligation between the same parties, with intent to extinguish

15 the old obligation.  3 Cal. Affirmative Def. § 64:1 (2d ed.)

16    Once the parties have entered into a novation, suit may not be brought on the

17 extinguished obligation and, if such a suit is brought, the novation is a defense.  3

18 Cal. Affirmative Def. § 64:1 (2d ed.).  E.g., Transport Clearings-Bay Area v.

19 Simmonds, 226 Cal.App.2d 405, 430, 38 Cal.Rptr. 116, 131 (1st Dist.1964);

20 University of Redlands v. Ford, 56 Cal.App.2d 151, 152, 132 P.2d 238, 239 (4th

21 Dist.1942).

22                     Affirmative Defense 4:  Waiver

23    Waiver is the intentional relinquishment of a known right with knowledge of

24 the facts.  One "who consents to an act is not wronged by it," He who consents to an

25 act is not wronged by it. Acquiescence in error takes away the right of objecting to

26 it." Civ. Code §§ 3515, 3516.  2 Cal. Affirmative Def. § 47:1 (2d ed.)

27                  Affirmative Defense 5:  Lack of Scienter.

28    A cause of action for fraud requires the plaintiff to prove a knowingly false

9

misrepresentation by the defendant, made with the intent to deceive or to induce reliance by the plaintiff, justifiable reliance by the plaintiff, and resulting damages. Leegin Creative Leather Products, Inc. v. Diaz (App. 2 Dist. 2005) 33 Cal.Rptr.3d 139, 131 Cal.App.4th 1517, modified on denial of rehearing, review denied.

(c) In brief, the key evidence Defendants rely on for each affirmative defense is:

Affirmative Defense 1: Release - In attempting to modify the prior contract, the parties relinquished the rights and obligations associated with the original contract. Plaintiff herein, knowingly and willfully released Defendant from the original contract. Defendant will rely on the testimony of Alan Goldman and correspondence between himself and Capital City, as well as communications with third parties regarding the Extrusion Line.

Affirmative Defense 2: Unclean hands - By attempting to forego tax implications and federal mandates associated with the purchase and transfer of machinery, Plaintiff violated conscience, good faith or other equitable principle in his conduct. He should therefore, be barred from now seeking redress from the Court. Defendant will rely on the testimony of Alan Goldman and correspondence between himself and Capital City.

Affirmative Defense 3: Novation - The parties substituted a new obligation for an existing one. By the substitution of the new obligation between the same parties, with intent to extinguish the old obligation, Defendant cannot be held to reinstate the original contract with attendant obligations. Defendant will rely on the testimony of Alan Goldman and correspondence between himself and Capital City, as well as communications with third parties regarding the Extrusion Line.

Affirmative Defense 4: Waiver. The key evidence Defendant will rely upon to show that Capital City intentionally relinquished a known right with knowledge of the facts, is the testimony of Alan Goldman and Capital City personnel.

Affirmative Defense 5: Lack of scienter. Defendant will rely on the

10

JOINT FINAL PRETRIAL CONFERENCE ORDER

1    testimony of Alan Goldman and correspondence between himself and Capital City.

2    Defendant will also introduce documentation regarding corporate formalities and

3    Quickbooks records.

4    **8.    ISSUES TO BE TRIED**

5    In view of the admitted facts and the elements required to establish the claims

6    and affirmative defenses, the following issues remain to be tried:

7    **(a)    Breach of contract;**

8    (b)    Intentional misrepresentation;

9    (c)    Negligent misrepresentation;

10    **(d)    Breach of express warranty;**

11    **(e)    Breach of the implied warranties; and**

12    (f)    Alter ego.

13    **9.    DISCOVERY**

14    All discovery is complete.

15    **10.    DISCLOSURES AND EXHIBIT LIST**

16    All disclosures under F.R.Civ.P. 26(a)(3) have been made.

17    The joint exhibit list of the parties has been filed under separate cover as

18    required under L.R. 16-6.1. Unless all parties agree that an exhibit shall be

19    withdrawn, all exhibits will be admitted without objection at trial, except those

20    exhibits listed below: none.

21    **11.    WITNESS LIST**

22    Witness lists of the parties have been filed with the Court.

23    Only the witnesses identified in the lists will be permitted to testify (other than

24    solely for impeachment).

25    Each party intending to present evidence by way of deposition testimony has

26    marked such deposition in accordance with L.R. 16-2.7. For this purpose, the

27    following depositions shall be lodged with the Clerk as required by L.R. 32-1:

28    The deposition of Goldman, which Capital City intends to use for impeachment

11

JOINT FINAL PRETRIAL CONFERENCE ORDER

1  purposes, if needed.

2  **12.   LAW AND MOTION**

3       The following law and motions matters and motions in limine, and no others,

4  are pending or contemplated:

5       Defendants' Motion in Limine No. 1 to Exclude Capital City's Expert Witness.

6  **13.   BIFURCATION**

7       Bifurcation of the following issues for trial is ordered: none.

8  **14.   CONCLUSION**

9       The foregoing admissions have been made by the parties, and the parties

10  having specified the foregoing issues remaining to be litigated, this Final Pretrial

11  Conference Order shall supersede the pleadings and govern the course of the trial of

12  this cause, unless modified to prevent manifest injustice.

13  Dated: April 6, 2015

14  _____

15  JAY C. GANDHI
    UNITED STATES MAGISTRATE JUDGE

16

17  Approved as to form and content.

18

19  DATED: November 11, 2014          RUBEN & SJOLANDER LLP

20

21  BY     /s/
    _____
    DAVID N. RUBEN
    THOMAS K. LEDBETTER

22  Attorneys for Plaintiff,
    CAPITAL CITY PACKAGING, INC.

23

24  DATED: November 11, 2014          THE TAILLIEU LAW FIRM, LLP

25

26  BY     /s/
    _____
    OLIVIER A. TAILLIEU

27  Attorney for Defendants, FIVE BORO
    PLASTICS, INC. and ALAN GOLDMAN

28

12

JOINT FINAL PRETRIAL CONFERENCE ORDER

Local Rule 5-4.3.4(a)(2)(i)- Compliance

I, Thomas K. Ledbetter, attest under penalty of perjury and under the laws of the State of California that all signatories listed on this document, and on whose behalf  the filing is submitted, concur in the filing content and have authorized the filing.

DATED:  April 7, 2015          RUBEN & SJOLANDER LLP


BY _____/s/_____
DAVID N. RUBEN
THOMAS K. LEDBETTER
Attorneys for Plaintiff,
CAPITAL CITY PACKAGING, INC.